# Turner *v*. Louisville & Nashville R. R. Co.

*Damages to an Employe.*

(Decided May 24, 1909. Rehearing denied June 30, 1909. 50 South. 124.)

*Master and Servant; Injury to Servant; Plea; Sufficiency.*—Where the action was against a railroad company, and the complaint alleged that plaintiff had been negligently ordered to knock a hole in the car with a sledge hammer, a plea setting up that the plaintiff negligently allowed his hand to come so close as to come in contact with the end or side of the car while knocking a hole therein with his tool, sufficiently sets out the negligence of the plaintiff, the words, "his tool" evidently meaning the sledge hammer referred to in the complaint.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Tom Turner, an employe, against the Louisville & Nashville Railroad Company for damages for

[Turner v. Louisville & Nashville R. R. Co.]

injury received while in its employment. Judgment for defendant and plaintiff appeals. Affirmed.

DENSON & DENSON, for appellant. No brief came to the Reporter.

TILMAN, GRUBB, BRADLEY & MORROW, for appellee.— No brief came to the Reporter.

ANDERSON, J.—The negligence described in the complaint is that Vogt "negligently ordered the plaintiff to knock a hole in the car with a sledge hammer." Plea 2 charges the proximate contributory negligence as being due to the fact that the plaintiff "negligently allowed his hand to come so close to as to come in contact with the end or side of the car while knocking a hole therein with his tool." The plea fully sets out the negligence of the plaintiff and the constituents of same; that is, that he negligently did what he was ordered to do, by permitting his hand to come too close to the car while knocking the hole. We think, "his tool," as set up in the plea, necessarily meant the "sledge hammer," as set out in the complaint. This plea is clearly distinguishable from those held to be insufficient in the cases cited by counsel for the appellant.

The judgment of the city court is affirmed. Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE. JJ., concur.